Mason *et al. v.* The Calumet Canal and Improvement Company.

150  699
a190US452
a 23SC 651
190US459

MASON ET AL. *v.* THE CALUMET CANAL AND IMPROVE-
MENT COMPANY.

[No. 18,097.  Filed April 26, 1898.]

From the Porter Circuit Court.  *Affirmed.*

*Willis C. McMahan,* for appellants.

*W. O. Johnson, William Johnston* and *W. P. Fennell,* for appellee.

HOWARD, C. J.—This was an action brought by appellee against appellants and others, to quiet title to certain real estate described in the complaint, and situated in S. ½, section 18, and section 19, township 37 N., range 9 W.; and in sections 12, 13, and 24, township 37 N., range 10 W., in Lake county.  The lands in controversy, together with other lands, were conveyed to the State of Indiana by the United States, under the swamp land act of 1850, and by the descriptions of the government survey of 1834.  By the same descriptions, the lands were conveyed by the State to the remote grantors of appellee.  Part of the lands are included in what was once the bed of Wolf Lake and the bed of Lake George; but, since the survey the waters have, in large measure, receded, leaving the lake beds comparatively dry land.

In 1875, certain persons, under the assumption that the beds of the lakes had not been surveyed in 1834, procured a resurvey of that part of the lands formerly covered by the waters; and it is through this last survey, and the sales made in pursuance thereof, that appellants claim title.  The case before us, therefore, in so far as concerns source of title, does not differ from that of *Kean* v. *Roby,* 145 Ind. 221.  On the authority of the decision in that case, there can be no question that the resurvey of 1875, as also the sales made thereunder, were wholly invalid, and, consequently, that appellee's title as based upon the original survey of 1834, and the sales made under that survey, is good.  No real distinction in this regard has been shown between the two cases.

The second contention is that the action is barred by the fifteen and twenty years' statutes of limitations.  This contention is plainly founded upon the same theory as the first, namely, that the appellants obtained some title or took possession of some kind under the void survey of 1875.  As to title, as we have seen, there was none. As to possession, the court heard the evidence and did not find, nor can we perceive, that the continuous and lawful possession of appellee and its immediate and remote grantors was ever broken by the unauthorized entrance, if any there was, on the part of appellants or any of them.  Appellee and its grantors continued to pay the taxes

assessed on the lands, by the descriptions in their deeds coming down from the original government survey, and had at all times such possession of and exercised such dominion over the territory as was possible in the case of wild, wet and uncultivated lands. As said by this court, in *Worthley* v. *Burbanks*, 146 Ind. 534, it is manifest that as to adverse possession there can be no absolutely unvarying rule with reference to every kind of real estate. The requirement as to the kind of occupancy of or dominion over land which is necessary to show adverse possession in the case of a cultivated farm, a town lot or a residence in a populous city, may be quite inapplicable or even impossible in the case of a piece of desert land, a mining claim, a non-navigable lake, a prairie, or a forest. The evidence in this case, as we think, was sufficient to show continuous possession by appellee and its grantors of the lands in controversy. The appeal as to Henry B. Mason has been dismissed on his petition, and the contentions made in the brief filed in his behalf need not therefore be considered. Judgment affirmed.